**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00091-REB

UNITED STATES OF AMERICA,

> Plaintiff,

v.

1. SOLMON BEN-TOV COHEN,

> Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND FOR SANCTIONS AGAINST THE GOVERNMENT

---

**Blackburn, J.**

The matter before me is **Defendant's Motion for Reconsideration and for Sanctions Against the Government** [#93],[1] filed January 3, 2011.  I deny the motion.[2]

On November 17, 2010, I granted the government's motion to dismiss without prejudice the indictment in this case pursuant to Fed. R. Crim. P. 48(a), *see* [#90]. Defendant seeks reconsideration insofar as he believes the indictment should have been dismissed with prejudice.  A motion for reconsideration is timely if filed within the time to file an appeal.  ***See United States v. Cook***, 599 F.3d 1208, 1212 (10th Cir. 2010).  In a criminal case, a defendant must file his notice of appeal within fourteen

---

[1]  "[#93]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

[2]  Because defendant is proceeding *pro se*, I have reviewed and construed his motion more liberally than if it had been prepared by an attorney.  ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

days of the entry of judgment.  **FED. R. APP. P.** 4(b)(1)(A)(i).  Defendant's motion – filed 47 days after the entry of judgment – plainly is beyond this deadline.  The court may extend the deadline for a period not to exceed thirty days from the expiration of this 14-day deadline, it may do so only on a showing of excusable neglect or good cause.  **FED. R. APP. P.** 4(b)(4).  Defendant has not acknowledged this requirement, much less attempted to satisfy it.

As for defendant's request for sanctions against the government, I lack jurisdiction to consider it.  "Once a district court enters a final judgment (which in a criminal case means the sentence) it lacks jurisdiction to continue hearing related issues, except to the extent authorized by statute or rule."  *United States v. Scott*, 2015 WL 12915112 at *2 (D. Wyo. Aug. 24, 2015) (citation and internal quotation marks omitted) , *aff'd*, 667 Fed. Appx. 702 (10th Cir. July 15, 2016).  Thus, absent specific statutory or other authority, the court is without jurisdiction to consider post-judgment claims.  *See id.*  Defendant cites to no such express authority in relation to his request for sanctions, which accordingly must be denied.

**THEREFORE, IT IS ORDERED** that **Defendant's Motion for Reconsideration and for Sanctions Against the Government** [#93], filed January 3, 2011, is denied.

Dated October 12, 2017, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

2